Nov. Term,
1804.
where, subjoined to the plea, is a notice of the kind given, to which a party cannot reply, and the matter of which may be altogether abandoned, or not insisted on at the trial. Upon the whole, instead of looking at the pleadings, and relying on them how costs in these actions are to be disposed of, we think it best in future, in all cases of trial, to require a certificate of the judge who presided, " that the freehold, " or title to lands and tenements, did come in ques- " tion," as the best and only evidence of costs being due under this proviso. Although the act be silent as to any certificate, we think it a mode of ascertaining the fact, the most free of objection, and not so liable to mistakes, as conclusions drawn from a reference to the pleadings. In this case we are of opinion that the plaintiff pay costs to the defendant.

### Benjamin Hough v. Timothy Stover.

IT was ruled in this case at the last term, that an application in arrest of judgment, was a non-enumerated motion, and that the notice need not specify the reasons ; because, as they are on the face of the record, they must necessarily appear to the adverse party.

### Henry H. Staley v. James Barhite, and Mary his Wife.

IN error on *certiorari*, *Ostrander* submitted that the judgment obtained against the now plaintiff, by the present defendants, ought to be reversed. 1st. Because the wife was joined in the action below,